# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY D. WRIGHT,**

    Petitioner,

    -vs-                                                Case No. 16-C-525

**MICHAEL MEISNER**,
Warden of Redgranite Correctional Institution,

    Respondent.

## DECISION AND ORDER

Pro se Petitioner Larry D. Wright, an inmate at the Redgranite Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his October 2010, conviction by the Milwaukee County Circuit Court following a jury trial finding him guilty of second-degree sexual assault (two counts) and child enticement (one count). Under Rule 4 Governing § 2254 Cases in the United States District Courts this Court must determine whether the action is plainly without merit. Unless plainly without merit, the Respondent Michael Meisner should be required to answer.

Here, Wright alleges that he is in custody pursuant to the conviction he challenges, and he raises arguable constitutional claims. Therefore, Respondent Michael Meisner will be required to file an answer to the instant

petition which must conform to the requirements of Rule 5 of the Rules Governing § 2254 Cases in the District Courts. Because the motion includes allegations of ineffective assistance of trial counsel and appellate counsel,[1] the Court will direct the Clerk of Court to send a copy of this Order to Wright's state court attorneys and afford them an opportunity to respond.

Wright also requests appointment of counsel from the Federal Defender's Office to represent him in this action. Prisoners do not have a constitutional right to counsel when mounting attacks upon their convictions. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987).

However, pursuant to 18 U.S.C. 3006A(a)(2), if a § 2254 petitioner is "financially eligible" and if the Court finds that "the interests of justice so require," the Court may recruit counsel to represent a petitioner. *See Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013). Recruitment of counsel for habeas petitioners is within the district court's discretion, and is governed by standards similar to those followed with plaintiffs proceeding *in forma pauperis* in civil cases. *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983); *Pruitt v. Mote,* 503 F.3d 647, 657 (7th Cir. 2007).

---

[1] The petition also includes allegations of ineffective assistance of postconviction counsel. The same attorney represented Wright on his appeal and post-conviction motions. However, there is no constitutional right to an attorney in state postconviction proceedings." *Coleman v. Thompson,* 501 U.S. 722, 725 (1991) (internal citations omitted). Therefore, there is no right to effective assistance of post-conviction counsel. *See id.*

While "an indigent civil litigant may ask the district court to request an attorney to represent him pro bono publico," "no constitutional or statutory right to court-appointed counsel" exists "in federal civil litigation." *Pruitt*, 503 F. 3d at 649.

If a plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Id.* at 655. "There are no fixed requirements for determining a plaintiff's competence to litigate his own case." *Id.* Normally, the district court will "take into consideration the plaintiff's literacy, communication skills, educational level, and litigation experience" in relationship to the difficulties of the particular case. *Id.* But "in the end, the estimation as to whether a plaintiff can handle his own case must be a practical one, made in light of whatever relevant evidence is available on the question." *Santiago v. Walls,* 599 F.3d 749, 762 (7th Cir. 2010) (internal citations and quotation marks omitted).

At this juncture, the Court has no information about Wright's financial situation, any attempts to obtain counsel, or any information about his ability to represent himself in this action. Therefore, Wright's request for appointment of counsel is denied without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Clerk of Court is directed to send a copy of this Decision and Order to trial and appellate counsel.

**On or before August 8, 2016,** the Respondent **MUST FILE** an answer to the instant petition;

Defense counsel may file a response to the motion **on or before September 8, 2016**; and

Any reply **MUST BE FILED** by Wright and/or the Respondent **on or before October 31, 2016.**

Dated at Milwaukee, Wisconsin, this **9th** day of June, 2016.

**BY THE COURT:**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**